**UNITED STATES of America**

v.

**Steve Louis KANDIS, et al., Appellants.**

**No. 73–1157.**

United States Court of Appeals, Third Circuit.

Submitted Sept. 10, 1973.

Decided Sept. 13, 1973.

Paul Alongi, Alongi, Bregg & Devito, Bloomfield, N. J., for appellants.

Herbert J. Stern, U. S. Atty., Richard S. Zackin, Asst. U. S. Atty., James D. Fornari, Newark, N. J., for appellee.

Before McLAUGHLIN, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION FOR THE COURT

PER CURIAM.

Kandis was indicted, tried and convicted of conspiracy, in violation of Title 18, U.S.Code, Section 2315, •transporting a Stolen Security in violation of Title 18, Sections 2314 and 2 and Receiving a Stolen Treasury bill in violation of Title 18, U.S.Code, Sections 2315 and 2.

Around December 3, 1971, the Federal Bureau of Investigation was endeavoring to ascertain who had been responsible for the stealing of almost a million dollars in United States Treasury bills from the Chemical Bank of New York.

Agent Specht, under another name, evinced interest in buying the mentioned bills. Appellant showed Agent Specht one of the bills and said that four more of them would be available for his inspection. Agent Specht promptly arrested appellant.

■ There is no pretension here that appellant was not guilty as charged in transporting the particular Treasury bill illegally, etc. The trial court ruled soundly that a brief reference by a prosecution witness to appellant's undeniable criminal record was no acceptable reason for a mistrial. Actually defendant himself testified to his own criminal background.

■ Appellant through his attorney argues that the testimony of the witnesses who testified in the Government's case was "excessively vague and misleading". In fact, the testimony of said witnesses clearly substantiated the Government proofs of the rightness of the charges against appellant.

■ Finally, the theory of alleged entrapment of appellant is made out of whole cloth. The prosecution in this matter was not dealing in the entrapment of appellant but with a seasoned criminal who was cold bloodedly endeavoring to dispose of the particular stolen Treasury bill and the other bills that were stated by appellant to also be available for sale.

The judgment of the district court will be affirmed.